**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-4458**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

EHREN VAN WART,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  Roger W. Titus, District Judge.  (8:07-
cr-00492-RWT-1)

_____

Argued:  October 27, 2010          Decided:  November 24, 2010

_____

Before TRAXLER, Chief Judge, DAVIS, Circuit Judge, and Damon J.
KEITH, Senior Circuit Judge of the United States Court of
Appeals for the Sixth Circuit, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**ARGUED**: John Edward Davidson, DAVIDSON & KITZMAN, PLC,
Charlottesville, Virginia, for Appellant.  Justin S. Herring,
OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for
Appellee.  **ON BRIEF**: Rod J. Rosenstein, United States Attorney,
Barbara Skalla, Assistant United States Attorney, OFFICE OF THE
UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Ehren Van Wart was indicted in the District of Maryland for possession of a firearm and ammunition after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). The charge arose from the seizure of a loaded firearm and additional ammunition from Van Wart's bedroom by officers executing an arrest warrant issued in Virginia. In close proximity to a box of ammunition, officers also discovered and seized a set of handcuffs that had been placed on Van Wart two weeks earlier in connection with his arrest by Virginia authorities, from whom Van Wart had escaped while handcuffed.

Prior to trial, Van Wart moved in limine to exclude the handcuffs and the testimonial evidence explaining how he had come into possession of the handcuffs. The district court denied the motion and a jury convicted Van Wart. On appeal, Van Wart contends that the district court committed prejudicial error in admitting the challenged evidence. We affirm.


I.

A.

On September 1, 2007, two Stafford County, Virginia law enforcement officers responded to a report of two individuals causing a disturbance at a hotel. When the officers arrived, they encountered two men at the hotel counter, Van Wart and his

2

friend, Kofi Agbemble. As the officers approached, Van Wart, smelling heavily of alcohol, yelled profanities at the officers and became confrontational. Eventually, the officers sought to arrest Van Wart for public intoxication and disorderly conduct. When Van Wart continued to be combative, one of the officers employed his taser to subdue him. After Van Wart was temporarily controlled, the other officer, Deputy Sheriff J.C. Wright, handcuffed Van Wart.

The officers placed Van Wart in a secure police vehicle with a partition separating the front from the back. After Deputy Wright placed Van Wart into the vehicle, both officers returned to the hotel to conclude their investigation. When the officers returned to the parking lot, Van Wart had escaped from the vehicle. A video recording of the location showed Van Wart escaping from the rear driver's side of the police vehicle and calmly walking away with the handcuffs dangling from one wrist.

B.

Two weeks later, on September 14, 2007, armed with an arrest warrant issued in Virginia, a fugitive task force undertook a search for Van Wart at a condominium apartment owned by Van Wart in Temple Hills, Maryland. The officers found three people present in the apartment: (1) Van Wart, who was in the bedroom; (2) Van Wart's girlfriend, Tawana Rose; and (3) Agbemble. The officers observed evidence of drug activity in the

3

apartment as they took Van Wart into custody; accordingly, they applied for and obtained a search warrant. Upon executing the search warrant, officers found and seized from a bedroom closet a fully-loaded Cobray MAC-11 pistol and additional ammunition. Officers also found the handcuffs (identified by serial number) that had been used to secure Van Wart in Virginia two weeks earlier, as well as numerous other items that belonged to Van Wart.

C.

Van Wart was indicted in one count for illegal possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). Prior to trial, Van Wart moved in limine to exclude evidence of the handcuffs and the circumstances of his Virginia arrest and escape, citing Federal Rules of Evidence 404(b) and 403. The district court denied Van Wart's motion. Specifically, the district court found that in light of the apparent defense to be offered at trial, i.e., that although Van Wart owned the residence he did not live there, the evidence relating to Van Wart's possession of the handcuffs was highly probative of Van Wart's dominion and control over the bedroom of the apartment and of the items found there, including the firearm and ammunition. The district court made clear, however, that it expected the government to keep its interrogation of the

Virginia officer involved in the prior arrest, Deputy Wright, "relatively brief" and "concise."[1]

At trial, Deputy Wright described the Stafford County arrest and Van Wart's escape from the law enforcement vehicle without a significant objection from the defense. Then, on cross-examination, defense counsel elicited further details about the Stafford County arrest.

Van Wart's friend, Agbemble, testified as a witness for the government that sometime before the Virginia arrest, he had moved into the Temple Hills condominium. Agbemble further testified, however, that he slept on the couch in the living room and kept his personal belongings in the living room closet. According to Agbemble, Van Wart also lived in the condominium and slept in the bedroom.

Notably, when the government sought to question Agbemble as to the manner in which Van Wart travelled from Virginia to the condominium apartment, the defense objected. However, the district court stated that the defense's cross-examination of

---

[1] The district court stated:

> I believe your interrogation of this witness should be relatively brief and concise and not go into the facts into any great description of how he was drunk and disorderly. . . . I don't want to have the question of whether he was drunk and disorderly in Stafford County tried in this case.

J.A. 56.

5

Deputy Wright had opened the door to such questioning because the "cross-examination really went into great detail about the [Virginia arrest]." Consequently, the district court overruled the defense objection and allowed Agbemble to testify to a conversation he had had with Van Wart regarding how the latter returned to the condominium apartment from Virginia.

After Agbemble's testimony, the government called several officers who were at the Temple Hills condominium apartment to testify concerning the execution of the search warrant and the seized items tying Van Wart to the residence and its sole bedroom.

The defense called one witness, Van Wart's girlfriend, Tawana Rose. Rose testified about her relationship with Van Wart, generally insisting that, although she and Van Wart stayed at the condominium several days a week, Van Wart did not live at the condominium.

Pursuant to the parties' agreement on a limiting instruction, the district court instructed the jury about "evidence of other acts allegedly committed by the defendant." Specifically, the instruction read:

> That evidence was admitted solely for the limited purpose of showing the context in which the weapon was found. I want to emphasize to you that you are not to consider that evidence for any other purpose, and you are only to return a verdict as to the charge contained in the indictment.

6

The court also explained actual possession as compared to indirect/constructive possession, and sole possession as compared to joint possession.

## II.

We review a district court's admission of evidence for abuse of discretion. United States v. Perkins, 470 F.3d 150, 155 (4th Cir. 2006) (citing United States v. Gray, 405 F.3d 227, 238 (4th Cir. 2005)); see also United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004). "A court has abused its discretion if its decision 'is guided by erroneous legal principles' or 'rests upon a clearly erroneous factual finding.'" Brown v. Nucor Corp., 576 F.3d 149, 161 (4th Cir. 2009) (quoting Westberry v. Gislaved Gummi AB, 178 F.3d 257, 261 (4th Cir. 1999)).[2]

---

[2] When a party does not preserve an argument in the district court, we review only for plain error. United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010); United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009)). It seems clear that, as reflected in its pre-trial ruling, the district court intended to permit the government to introduce only limited evidence explaining how Van Wart came into possession of the handcuffs. See supra p. 5 and n.1. Despite the district court's narrow ruling on the defense's pretrial motion in limine, counsel arguably abandoned the defense objection once the trial commenced by failing to act on the district court's unmistakable intention to limit the government's interrogation of Deputy Wright and by its probing questioning of Deputy Wright on cross-examination. As the government has not urged us to apply plain error review, however, we need not determine whether it applies.

7

III.

We do not understand Van Wart to contend that evidence of his possession of the handcuffs (or the manner in which he came into possession of them) was wholly <u>irrelevant</u>. Such evidence clearly was relevant to the issue of Van Wart's access to, his presence in, and his dominion and control over, the bedroom of the condominium apartment where the firearm and ammunition were found. Rather, the gravamen of Van Wart's contention before us is that the district court misapplied the balancing tests applicable under Rules 404(b) and 403 in admitting the evidence. We discern no abuse of discretion.

IV.

Federal Rule of Evidence 404(b) provides that evidence of prior bad acts may be admissible for purposes other than "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404.[3] Such "other purposes"

---

[3] Rule 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

Fed. R. Evid. 404(b).

include "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id.; Hodge, 354 F.3d at 311-12. We have explained that evidence of prior bad acts is admissible pursuant to Rule 404(b) if the evidence is (1) relevant to an issue other than the general character of the defendant; (2) necessary to prove an element of the charged offense; and (3) reliable. Hodge, 354 F.3d at 311-12; see also United States v. Queen, 132 F.3d 991, 997 (4th Cir. 1997).

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Evidence is necessary where, "considered in the light of other evidence available to the government, it is an essential part of the crimes on trial or where it furnishes part of the context of the crime." Queen, 132 F.3d at 998 (quoting United States v. Mark, 943 F.2d 444, 448 (4th Cir. 1991). Finally, "[e]vidence is reliable for purposes of Rule 404(b) "unless it is so preposterous that it could not be believed by a rational and properly instructed juror." United States v. Siegel, 536 F.3d 306, 319 (4th Cir. 2008)(quoting United States v. Aramony, 88 F.3d 1369, 1378 (4th Cir. 1996)).

Importantly, Rule 404(b) is "an inclusive rule, admitting all evidence of other crimes or acts except that which tends to prove only criminal disposition." United States v. Rooks, 596 F.3d 204, 211 (4th Cir. 2010) (quoting United States v. Young, 248 F.3d 260, 271-72 (4th Cir. 2001). Further, limiting jury instructions explaining the purpose for admitting prior bad acts evidence and advance notice of the intent to introduce such evidence provide additional protection to defendants and weigh in favor of admissibility. See Hodge, 354 F.3d at 312 (citing Queen, 132 F.3d at 997); United States v. Branch, 537 F.3d 328, 342 (4th Cir. 2008).

To be sure, the probative value of relevant evidence must not be substantially outweighed by the danger that it will cause unfair prejudice. See Fed. R. Evid. 403; Queen, 132 F.3d at 997. The "mere fact that the evidence will damage the defendant's case is not enough – the evidence must be unfairly prejudicial, and the unfair prejudice must substantially outweigh the probative value of the evidence." United States v. Williams, 445 F.3d 724, 730 (4th Cir. 2006) (emphasis in original) (quoting United States v. Hammon, 381 F.3d 316, 341 (4th Cir. 2004)). Evidence is considered to be unfairly prejudicial "when there is a genuine risk that the emotions of a jury will be excited to irrational behavior, and . . . this risk is disproportionate to

10

the probative value of the offered evidence." Id. (quoting United States v. Aramony, 88 F.3d 1369, 1378 (4th Cir. 1996)).

"It is not an easy thing to overturn a Rule 403 ruling on appeal." United States v. Udeozor, 515 F.3d 260, 264 (4th Cir. 2008). Where the evidence is probative, "the balance under Rule 403 should be struck in favor of admissibility, and evidence should be excluded only sparingly." United States v. Lentz, 524 F.3d 501, 525 (4th Cir. 2008) (quoting Aramony, 88 F.3d at 1378; see also Udeozor, 515 F.3d at 264-65 ("Rule 403 is a rule of inclusion, generally favoring admissibility.")). Put simply, a district court's decision to admit evidence over a Rule 403 objection "will not be overturned except under the most extraordinary circumstances, where that discretion has been plainly abused." Udeozor, 515 F.3d at 265 (internal quotation marks omitted).

Here, the district court did not abuse its discretion in admitting evidence of Van Wart's possession of the handcuffs, including the evidence of the circumstances of how he came to be in possession of the handcuffs during the Virginia arrest. Evidence of the arrest and how Van Wart obtained the handcuffs found in the condominium apartment was highly probative on the issue of whether Van Wart knowingly exercised dominion and control over the bedroom (and thus the contents thereof) and significantly aided the government in meeting its burden to show

Van Wart's possession of the nearby firearm. This is especially true in light of the defense offered at trial, namely, that Van Wart did not reside in the apartment and used it only sparingly.

The disputed evidence was legally "necessary" because possession of the firearm was the only issue at trial and items located near the firearm provided context to the possession of the firearm itself. "That the evidence was not critical to the prosecution's case against [a defendant] does not render it unnecessary for purposes of Rule 404(b)." United States v. Rooks, 596 F.3d 204, 211 (4th Cir. 2010). This is because the "necessary" prong "focuses on whether the evidence is necessary in the sense that it is probative of an essential claim or an element of the offense." Id. at 211-12 (quoting Queen, 132 F.3d at 997. Therefore, the evidence was "necessary."

Finally, the reliability of the testimony of Deputy Wright has not been put into question. Indeed, Van Wart suggests no reason why the deputy's reliability was damaged.

In sum, Rule 404(b)'s requirements were met and the evidence was properly admitted under the rule. This conclusion is reinforced by Rule 404(b)'s inclusive nature. The bar against prior bad acts is meant to exclude evidence "of other crimes or acts except that which tends to prove only criminal disposition." Rooks, 596 at 211 (emphasis added).

Nor did the district court abuse its discretion in finding that the danger of unfair prejudice did not substantially outweigh the probative value of the evidence. All incriminating evidence is prejudicial to some extent. The inquiry under Rule 403 is whether the evidence had the potential to cause <u>unfair</u> prejudice and whether the danger of such unfair prejudice <u>substantially</u> outweighs any probative value of the evidence.

The presence of the handcuffs in Van Wart's bedroom, as illuminated by the circumstances surrounding his arrest and escape from arrest in Virginia, were probative of possession of the firearm found in the same room, the ultimate issue at trial. There was no "genuine risk that the emotions of [the] jury [would] be excited to irrational behavior." <u>Lentz</u>, 524 F.3d at 525 (quoting <u>Aramony</u>, 88 F.3d at 1378). The government even noted that drunk and disorderly conduct is "just barely the thing you . . . do to get arrested." Furthermore, the district court's limiting instruction mitigated the risk of any prejudice because it clarified the issues for which the jury could properly consider. <u>United States v. White</u>, 405 F.3d 208, 213 (4th Cir. 2005). Accordingly, the court did not abuse its discretion in admitting evidence of the Stafford County arrest.

13

V.

For the reasons set forth, we hold that the district court did not err when it admitted evidence of Van Wart's possession of the handcuffs or of the manner in which he came into possession of the handcuffs. Accordingly, the judgment is

AFFIRMED.